

STATE OF INDIANA ) IN THE TIPPECANOE SUPERIOR COURT 2
)SS: TO THE 2013 TERM
COUNTY OF TIPPECANOE)

APRIL RICHESIN )
Plaintiff, )
vs. )
) CAUSE NO. 79D02-1304-PL-_____
GE CAPITAL RETAIL BANK )
Defendant )

FILED
APR 12 2013

Clerk Superior Court No. 2 Tippecanoe Co

## COMPLAINT FOR DAMAGES PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*, INDIANA DECEPTIVE CONSUMER SALES ACT, Ind. Code § 24-5-0.5-1, *ET SEQ.*, and FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*

Comes now the Plaintiff, APRIL RICHESIN (hereinafter "Plaintiff"), by counsel, Melissa Wilkes, and alleges that GE CAPITAL RETAIL BANK (hereinafter "GE") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter "TCPA") and the Indiana Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5-1 *et seq* (hereinafter "IDCSA"), as follows:

### PARTIES

1. Plaintiff is an individual citizen and resident of the State of Indiana, County of Tippecanoe, and City of Lafayette.

2. Defendant GE solicits and transacts business within the State of Indiana, County of Tippecanoe, and is headquartered at 170 West Election Road, Suite 125, Draper, UT 84020.

3. This Court has subject matter jurisdiction pursuant to 47 U.S.C. § 227(b)(3).

1

## FACTUAL ALLEGATIONS

4. Plaintiff obtained a Meijer credit card account and Old Navy credit card account (hereinafter "Accounts") issued by GE Capital Retail Bank.

5. Prior to February 2013, Plaintiff began receiving telephone calls from GE's agents and/or employees to her cellular telephone number in an attempt to collect upon the Accounts and has contacted Plaintiff multiple times per day since.

6. On or around March 13, 2013, Plaintiff mailed two (2) cease and desist letters to GE, through undersigned counsel, one for each respective account, which were received by certified mail on March 16, 2013. Copy of cease and desist letters to GE and certified return receipts, attached hereto as **Exhibit A** and incorporated by reference.

7. Despite Plaintiff's express written revocation of consent, assuming Plaintiff provided express consent in the first instance, for GE to place telephone calls to Plaintiff's cellular telephone using an automatic dialing system and/or artificial or pre-recorded voice, Plaintiff continued to receive the following calls:

> 4 calls on 3/17/2013
> 3 calls on 3/18/13
> 5 calls on 3/19/13
> 5 calls on 3/20/13

8. In total, Plaintiff has received seventeen (17) telephone calls after written revocation regarding the Accounts in violation of the TCPA plus at least sixty (60) telephone calls that took place before written revocation.

9. Upon information and belief, GE maintains business records that show all telephone calls placed to Plaintiff's cellular telephone number.

2

10. Plaintiff believes and alleges that during the aforementioned telephone calls, Defendant used an "automatic telephone dialing system" and/or "prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

11. Plaintiff believes and alleges that during the aforementioned telephone calls, Defendant intended to use an "automatic telephone dialing system" and/or "prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

12. Plaintiff believes and alleges that these telephone calls were not made for emergency purposes as defined by 47 U.S.C § 227(b)(1)(A)(i).

13. Plaintiff believes and alleges that she did not provide "express consent" allowing Defendant to place telephone calls to her cellular telephone number pursuant to 47 U.S.C. § 227(b)(1)(A), and any consent, if it existed, was expressly revoked in writing.

14. The credit transactions that occurred between Plaintiff and Defendant are "consumer transactions" as defined by I.C. § 24-5-0.5-2(a)(1).

15. Defendant is a "supplier" as defined by I.C. § 24-5-0.5.2(a)(3).

16. Defendant's conduct rose to the level of an "incurable deceptive act" as defined by I.C. § 24-5-0.5-2(a)(8)

## COUNT I: NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

17. Plaintiff incorporates the allegations of paragraphs 1 through 16 above as if fully set forth herein

18. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TPCA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et *seq.*

19. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT II: KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

20. Plaintiff incorporates the allegations contained in paragraphs 1 through 19 and further states as follows:

21. Even after Plaintiff placed GE on written notice that it did not have consent to call Plaintiff's cellular telephone number, GE's agent and/or employee repeatedly continued to use an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

23. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

## COUNT III: NEGLIGENT VIOLATION OF THE INDIANA DECEPTIVE CONSUMER SALES ACT, Ind. Code § 24-5-0.5-1, *ET SEQ.*

24. Plaintiff incorporates the allegations contained in paragraphs 1 through 23 and further states as follows:

25. Each and every violation of the TCPA by Defendant constitutes a deceptive act, in violation of the IDCSA, specifically Ind. Code § 24-5-0.5-1(a)(19).

26. As a result of Defendant's negligent violations of IDCSA, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation of the TCPA plus reasonable attorney fees, pursuant to Ind. Code § 24-5-0.5-4(a).

## COUNT IV: WILLFUL VIOLATION OF THE INDIANA DECEPTIVE CONSUMER SALES ACT, Ind. Code § 24-5-0.5-1, *ET SEQ.*

27. Plaintiff incorporates the allegations contained in paragraphs 1 through 26 and further states as follows:

28. Even after Plaintiff placed GE on written notice that it did not have consent to call Plaintiff's cellular telephone number, GE's agents and/or employees repeatedly continued to use an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number anyway, in violation of the TCPA and the IDCSA.

29. As a result of Defendant's willful deceptive acts, Plaintiff is entitled to double statutory damages not exceeding $1,000.00 for each and every violation of IDCSA.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants, as follows:

A. A judgment in the amount of $500.00 for each and every violation cited herein plus any and all additional violations after the date of filing this Complaint, pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages in the amount of $1,500.00 for each and every violation cited herein plus any and all additional violations after the date of filing this Complaint, pursuant to 47 U.S.C. § 227(b)(3);

C.  A judgment in the amount of $500.00 for each and every violation cited herein plus any and all additional violations after the date of filing this Complaint, pursuant to Ind. Code § 24-5-0.5-4(a);

D.  Double damages in the amount of $1,000.00 for each and every violation cited herein plus any and all additional violations after the date of filing this Complaint, pursuant to Ind. Code § 24-5-0.5-4(a)(2);

E.  All costs, fees and expenses incurred in this case, including reasonable attorney's fees, pursuant to Ind. Code § 24-5-0.5-4(a);

F.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G.  Such other relief as the Court deems just and proper.

Dated: 4/11/13

Respectfully submitted,

PEARLMAN, CHOSNEK & HOPSON, P.C.
Attorney for the Plaintiff

By: _____
MELISSA WILKES, Atty. No. 28132-29
P.O. Box 708
Lafayette, IN 47902
Telephone: (765) 742-9081
Facsimile: (765) 742-4379
E-mail: mwilkes@chosneklaw.com

6



MELISSA WILKES
mwilkes@chosneklaw.com

# LAW OFFICES OF PEARLMAN, CHOSNEK & HOPSON, PC

## NOTICE TO CEASE AND DESIST TELEPHONE CALLS

GE Capital Retail Bank
PO Box 960015
Orlando, FL 32896

Via: Certified Mail 7011-2000-0002-1637-1610

RE: Credit card held by April Richesin
Meijer #: ending in 5244
April Richesin's SSN: 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

To Whom It May Concern:

I have been retained by your client, April Richesin, regarding your efforts to collect upon the above-referenced account. **THIS IS WRITTEN NOTICE TO CEASE AND DESIST CALLING DEBTOR, APRIL RICHESIN, AT 765-532-9216, REGARDING THE ABOVE-REFERENCED ACCOUNT, OR ANY OTHER ACCOUNT YOU MAY BE ATTEMPTING TO COLLECT UPON.**

Please be advised that you will be in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), specifically 47 U.S.C. § 227(b)(1)(A)(iii), by failing to cease and desist all collection calls to debtor's cell phone number **765-532-9216**, after receipt of this notice.

Pursuant to 47 U.S.C. § 227(c)(5)(B), Debtor would be entitled to receive $500.00 per violation for GE Capital Retail Bank's failure to comply with the TCPA, and additionally, if the violation(s) is willful, treble damages in the amount of $1,500.00 could be assessed per violation.

Very truly yours,

Melissa A. Wilkes
Attorney at Law

EXHIBIT A



MELISSA WILKES
mwilkes@chosneklaw.com

## Law Offices of PEARLMAN, CHOSNEK & HOPSON, PC

### NOTICE TO CEASE AND DESIST TELEPHONE CALLS

GE Capital Retail Bank
PO Box 960017
Orlando, FL 32896

Via: Certified Mail 7011-2000-0002-1637-1603

*FILE COPY*

RE: Credit card held by April Richesin
Old Navy #: 4479-9518-1002-8306

To Whom It May Concern:

I have been retained by your client, April Richesin, regarding your efforts to collect upon the above-referenced account. **THIS IS WRITTEN NOTICE TO CEASE AND DESIST CALLING DEBTOR, APRIL RICHESIN, AT 765-532-9216, REGARDING THE ABOVE-REFERENCED ACCOUNT, OR ANY OTHER ACCOUNT YOU MAY BE ATTEMPTING TO COLLECT UPON**

Please be advised that you will be in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), specifically 47 U.S.C. § 227(b)(1)(A)(iii), by failing to cease and desist all collection calls to debtor's cell phone number **765-532-9216**, after receipt of this notice.

Pursuant to 47 U.S.C. § 227(c)(5)(B), Debtor would be entitled to receive $500.00 per violation for GE Capital Retail Bank's failure to comply with the TCPA, and additionally, if the violation(s) is willful, treble damages in the amount of $1,500.00 could be assessed per violation.

Very truly yours,

*[signature]*

Melissa A. Wilkes
Attorney at Law

